UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JASON R. BOHLINGER, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:18-CV-401 RLM |
| vs. | ) |  |
|  | ) |  |
| INDIANA STATE PRISON, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Jason R. Bohlinger, a prisoner representing himself, filed a complaint alleging that he was housed in substandard conditions at the Indiana State Prison in 2016. The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-603 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Nevertheless, a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Bohlinger alleges that, from July 25, 2016, to October 2, 2016. he was

housed at ISP in a "non-ventilated box-car type of cell" that contained blood and fecal matter throughout. The temperature in the cell was regularly over 100 degrees. On July 29, 2016, Mr. Bohlinger was having a hard time breathing due to the extreme heat and asked one of the officers if he could leave the cuff port open to get some air into his cell. The officer told Mr. Bohlinger that Captain Bootz instructed that the cuff port had to remain closed. Ultimately, Mr. Bohlinger passed out from the heat, which caused him to fall and hit his head. Mr. Bohlinger was diagnosed with heat stroke and was bedridden until August 2, 2016, and lost his ability to taste or smell. He sues the Indiana State Prison, Warden Ron Neal, Captain Bootz and the Indiana Department of Corrections for money damages and injunctive relief.

Mr. Bohlinger alleges that Officer Bootz violated his Eighth Amendment rights by housing him under unconstitutional conditions. In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's act results in the denial of the minimal civilized measure of life's necessities." *Id.* Although "the Constitution does not mandate comfortable prisons," Rhodes v. Chapman, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir.

2006). Conditions of confinement may establish a constitutional violation in combination when each condition alone would not satisfy the standard. Gillis v. Litscher, 468 F.3d at 493. On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. Farmer v. Brennan, 511 U.S. at 834.

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

Board v. Farnham, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); see also Reed v. McBride, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Mr. Bohlinger alleges that he was subjected to extreme heat and filthy conditions for approximately 2 ½ months while in the boxcar cell. He says that as a result of these conditions, he suffered from a heat stroke, fell and lost his ability to smell or taste. Giving him the inferences to which he is entitled at this stage, he satisfies the objective prong of the inquiry. With respect to the subjective prong, the complaint can be plausibly read to allege that Captain Bootz knew about the conditions, but did nothing to remedy them. Again, giving him the inferences to which he is entitled, he has stated enough to proceed on a claim against this defendant.

Mr. Bohlinger asks for the prison not to use these types of cells in the future. "The PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context. Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). Therefore, injunctive relief, if granted, will be limited to requiring the Warden to house Mr. Bohlinger under conditions that don't violate his constitutional rights. Though it appears as though Mr. Bohlinger isn't currently housed in the complained of environment, it is plausible that he may be returned there. *See* Ciarpaglini v. Norwood, 817 F.3d 541, 546 (7th Cir. 2016) (noting that an injunctive claim should not be deemed moot in situations where the prisoner is no longer subject to the complained of conditions but the "alleged wrongdoing is capable of repetition"). With this in mind, Mr. Bohlinger will be permitted to proceed against Warden Ron Neal in his official capacity on this claim.

Next, Mr. Bohlinger sues the Indiana Department of Correction. The Department of Correction is not a proper defendant for any money damage claim because it is a State agency and is immune from suit pursuant to the Eleventh Amendment. Wynn v. Southward, 251 F.3d 588, 592 (7th Cir. 2001); Kashani v. Purdue University, 813 F.2d 843, 845 (1987). And there's no need for Mr.

Bohlinger to proceed against the Department of Correction for his injunctive relief claim. Doing so would be duplicative; he is being given leave to proceed on that claim against the prison warden, who is the person in control of where Mr. Bohlinger will be housed whiled at the Indiana State Prison.

Mr. Bohlinger also sues the Indiana State Prison. Though the prison is where these events occurred, it is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. 1983.

As a final matter, to the extent Mr. Bolinger is trying to raise a claim for negligence or other state law tort, he didn't plausibly allege any such claim. Under the Indiana Tort Claims Act, a tort claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and its risk management commission within 180 days of the loss. VanValkenburg v. Warner, 602 N.E.2d 1046, 1048 (Ind. Ct. App. 1992); Ind. Code § 34-13-3-8. The notice requirement applies not only to political subdivisions but also to employees of political subdivisions as well. *Id.* This complaint includes no allegations to suggest that Mr. Bohlinger complied with the notice requirements of the Indiana Tort Claims Act. If Mr. Bohlinger has complied with the notice requirements, he can set that out in an amended complaint.

For these reasons, the court:

> (1) GRANTS the plaintiff leave to proceed on an Eighth Amendment claim against Captain Bootz in his individual capacity for compensatory and

punitive damages for housing him under substandard conditions from July 25, 2016, through October 2, 2016;

(2) GRANTS the plaintiff leave to proceed against Warden Ron Neal in his official capacity on an injunctive relief claim to house him under conditions that do not violate his constitutional rights;

(3) DISMISSES the Indiana Department of Corrections and the Indiana State Prison as defendants;

(4) DISMISSES any and all other claims contained in the complaint;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Ron Neal and Captain Bootz at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Warden Ron Neal and Captain Bootz respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 1, 2018

/s/ Robert L. Miller, Jr. _
Judge
United States District Court